**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-00995-RM

IRMA BARELA ARMENTA,

     Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

     Defendant.

_____

# ORDER

_____

     This matter is before the Court on the parties' Joint Stipulation for EAJA Fees (ECF No. 29), seeking an award of fees under the Equal Access to Justice Act ("EAJA"), after the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Upon consideration of the Joint Stipulation, and being fully advised, it is **ORDERED**

     1.    That the Joint Stipulation, construed as a motion, is GRANTED.

     2.    That Defendant will pay Plaintiff a total of $6,300.00 in EAJA fees. This amount is payable to Plaintiff, not directly to her counsel.  Payment will be sent to the office of Plaintiff's attorney: Paul Radosevich, Esq., 1621 York Street, Denver, CO 80206-1409.

     3.    That Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

     4.    That Defendant's payment of this amount is without prejudice to the right of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act,

---

[1] In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this action.

42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

     5.     That the Commissioner recognizes Plaintiff has assigned her right to EAJA fees to his counsel. If, after receiving the Court's EAJA fee order, the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B), the Commissioner will agree to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727(b), and the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

     6.     That this Order will not be used as precedent in any future cases, and should not be construed as a concession that the Commissioner was not substantially justified.

     DATED this 5th day of June, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge